UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-20033-GAYLES

ALMYR GUIMARAES,

       Plaintiff,

v.

HON. BEATRICE BUTCHKO, *et al.*,

       Defendants,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Alymyr Guimaraes, appearing *pro se*, filed this action on January 4, 2022. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Plaintiff filed this action against Florida Circuit Judge Beatrice Butchko ("Judge Butchko"), Florida Circuit Judge Michael Hanzman ("Judge Hanzman"), Ditech Financial, LLC, New Residential Investment Corp., Newrez, Tromberg, Morris, and Poulin, Andrea Tromberg, Scott Morris, Anthony Poulin, Yacenda Hudson, Marlon Hyatt, Amina McNeil, Evan Aronson, and The Beach Club at Fountainbleau Park Homeowners Association (collectively, the "Defendants"). According to the allegations in the Complaint, the Defendants—some as judges, some as attorneys, and some as parties—were all involved in a foreclosure proceeding against Plaintiff's aunt in the Eleventh Judicial Circuit in and for Miami-Dade County Florida (the "State Court"). Plaintiff alleges that after the foreclosure proceedings began, his aunt died. Plaintiff attempted to intervene as her heir, but the Court denied his request. Plaintiff appealed the State Court's orders to the Third District Court of Appeal, which affirmed the State Court. Plaintiff now appears before this Court arguing the Defendants conspired to deprive him of his constitutional rights and violated various federal statutes. Even under the applicable relaxed pleading standards for *pro se* litigants, the Complaint must be dismissed as frivolous.

First, the Complaint fails to comply with the Federal Rules of Civil Procedure. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count

to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted).

Here, the Complaint is anything but "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, the fifty-three page complaint contains 287 paragraphs, but fails to incorporate any of the factual allegations into any of the seven counts for relief. In addition, Plaintiff lumps multiple defendants and alleged statutory violations into individual counts. For example, in Count 5, Plaintiff attempts to allege that three of the fourteen Defendants violated six federal statutes and one Florida statute. This lumping of claims and defendants makes it impossible for Defendants to be on notice of the claims against them. Moreover, the Court is unable to ascertain which facts support which claims and whether Plaintiff has stated any claims upon which relief can be granted. Therefore, the Complaint shall be dismissed without prejudice.

Second, Plaintiff's claims against Judge Butchko and Judge Hanzman fail as a matter of law because they are entitled to judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). As the Eleventh Circuit explained, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all

3

jurisdiction." *McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020) (citations and internal quotation marks omitted). This immunity shields judges from suit in § 1983 proceedings even when they are alleged to have committed acts "maliciously or corruptly" or "in excess of their jurisdiction[.]" *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (citation omitted). Plaintiff fails to allege that Judge Butchko and Judge Hanzman acted in the absence of jurisdiction; therefore, the claims against them fail as a matter of law.

Finally, it appears that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam). The doctrine applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (citation omitted). Because Plaintiff's claims are so poorly pled, the Court is unable, at this time, to ascertain which are intertwined with the State Court judgment. The Court notes, however, that it is likely that Plaintiff's claims are barred if they are based on the State Court foreclosure proceedings.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2022.

`

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE